IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

C. MALICKI,[1]
    Plaintiff,

v.                                         Civil Action No. 3:20cv703

KILOLO KIJAKAZI,[2]
    Acting Commissioner of Social Security.

**FINAL MEMORANDUM ORDER**

This matter comes before the Court on the plaintiff's objection, (ECF No. 27), to the Magistrate Judge's Report and Recommendation, (ECF No. 26). In her objection, the plaintiff, C. Malicki, asserts that the Administrative Law Judge ("ALF") failed to comply with 20 C.F.R. § 404.1520c when evaluating the opinion of Nurse Practitioner Jonathan Yoder ("Nurse Yoder"). Importantly, this objection mirrors Malicki's argument for summary judgment. (*Compare* ECF No. 27, at 2, *with* ECF No. 21, at 7.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. Ma. 13, 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). To "preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). "[T]he objection requirement is designed to allow the district court to 'focus on

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

specific issues, not the report as a whole.'" *Id.* (quoting *Midgette*, 478 F.3d at 621). Accordingly, "objections must be specific and particularized." *Id.* "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Id.* (quoting *Tyler v. Wates,* 84 F. App'x 289, 290 (4th Cir. 2003)). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (quoting *Abou–Hussein v. Mabus,* No. 2:09–1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010) *aff'd,* 414 F. App'x 518 (4th Cir. 2011)).

Malicki's objection presents nothing more than a "rehashing of the argument[]" that she raised in her motion for summary judgment. *Id.* Her objection fails to focus the Court towards a specific issue needing resolution. Rather, she asks the Court to review the case in whole. Indeed, Malicki largely concedes as much. "Malicki argued that the ALJ failed to properly evaluate Mr. Yoder's opinions for consistency and supportability as required by 20 C.F.R. § 404.1520c. The Magistrate Judge disagreed, pointing out that the ALJ did properly explain why Mr. Yoder's opinions were found less persuasive . . . Malicki respectfully disagrees." (ECF No. 27, at 2.) To comply with Malicki's request would "negate the entire purpose of magistrate judge review." *Nichols*, 100 F. Supp. 3d at 498.

Because Malicki fails to make a specific and particularized objection, the Court finds *de novo* review unnecessary and reviews the Magistrate Judge's Report and Recommendation for clear error only. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D.Va. Aug. 5, 2019). Having reviewed the record, and finding no error, the Court hereby ORDERS that:[3]

---

[3] It is further ORDERED that the issues are adequately addressed by the briefs and oral argument would not materially aid the decisional process.

(1) Malicki's objection to the Report and Recommendation of the Magistrate Judge, (ECF No. 27), are OVERRULED;

(2) The Report and Recommendation of the Magistrate Judge, (ECF No. 26), is ADOPTED on the basis of the reasoning of the Report and Recommendation;

(3) Malicki's Motion for Summary Judgment, (ECF No. 20), is DENIED;

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 22), is GRANTED; and

(5) The Commissioner's decision is AFFIRMED.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 8 February 2022
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge